### 2014 ME 152

### Bobbie Jo (Al Jaber) BARROW et al.

### v.

### Alaa M. AL JABER.

### Docket No. Yor–14–27.

Supreme Judicial Court of Maine.

Submitted on Briefs: Dec. 1, 2014.
Decided: Dec. 31, 2014.

---

Alaa M. Al Jaber, pro se appellant.

James M. Amendolara, Esq., Caring Un-limited, Inc., Saco, for appellee Bobbie–Jo (Al Jaber) Barrow.

Panel: SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HJELM, JJ.

HJELM, J.

[¶ 1]   Alaa M. Al Jaber appeals from an order entered by the District Court (Springvale, *Darvin, J.*), extending the du-ration of a previous order for protection from abuse for the benefit of Bobbie Jo (Al Jaber) Barrow and the parties' minor chil-dren.   Contrary to Al Jaber's contentions, the record supports the court's finding that there was sufficient cause for the court to extend the duration of the protec-tion order.   *See* 19–A M.R.S. § 4007(2) (2014).   Further, neither the proceedings nor the order violated Al Jaber's rights to substantive and procedural due process. *See In re A.M.*, 2012 ME 118, ¶¶ 15–16, 55 A.3d 463; 19–A M.R.S. § 4006(6) (2014); 19–A M.R.S. § 4007(6) (2014); M.R. Civ. P. 55(a).

[¶ 2]   Although we dispose of Al Jaber's claims summarily, we write to reiterate that it is the responsibility of incarcerated litigants, such as Al Jaber, to initiate a request for arrangements to participate in court hearings.   Here, Al Jaber received notice of the hearing on Barrow's motion to extend the duration of the existing pro-tection order.   He did not, however, re-quest any arrangements that would have allowed him to participate at the hearing, although he filed written submissions prior to the hearing.   There exist avenues that allow a party to participate meaningfully in a court hearing from remote locations, upon motion or a showing of good cause, and when any proper safeguards, if need-ed, can be imposed.   *See, e.g.*, M.R. Civ. P. 43(a); *In re A.M.*, 2012 ME 118, ¶ 20, 55 A.3d 463 ("When a [party] is known to be incarcerated in advance of a hearing, the court must, upon request by the [party], provide a meaningful opportunity for the [party] to participate in the hearing wheth-er in person, by telephone or video, through deposition, or by other means that will reasonably ensure an opportunity for the [party] to be meaningfully involved in the hearing.").   Although the court is au-thorized to allow such participation on its own motion, the otherwise unavailable par-ty bears the responsibility to initiate con-tact with the court to make that interest known.   *See* M.R. Civ. P. 43(a); *In re A.M.*, 2012 ME 118, ¶ 20, 55 A.3d 463.

The entry is:

Judgment affirmed.